**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **THOMAS FELDSER,** | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **CIVIL ACTION NO. 22-CV-211** |
| | : | |
| **CURRAN FROMHOLD** | : | |
| **CORRECTIONAL FACILITY,** | : | |
| **Defendant.** | : | |

**<u>MEMORANDUM</u>**

**RUFE, J.**                                                                    **FEBRUARY 7, 2022**

Thomas Feldser, a pretrial detainee housed at the Philadelphia Industrial Correctional Center, filed this civil action pursuant to 42 U.S.C. § 1983.  The only named Defendant is Curren-Fromhold Correctional Facility ("CFCF").  Feldser also seeks to proceed *in forma pauperis* and has submitted a copy of his institutional account statement.  For the following reasons, the Court will grant Feldser leave to proceed *in forma pauperis* and dismiss his Complaint without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim on which relief can be granted.

## I.      FACTUAL ALLEGATIONS

Feldser's allegations are extremely brief.  He alleges that in December 2020 "I got COVID-19, then they sent me to the Detention Center with no medical help."[1]  He seeks $2 million in money damages.[2]

---

[1] Complaint [Doc. No. 2] at 5. The Court adopts the pagination supplied by the CM/ECF docketing system.

[2] Complaint [Doc. No. 2] at 5.

## II.    STANDARD OF REVIEW

The Court grants Feldser leave to proceed *in forma pauperis* because it appears that he is incapable of paying the fees to commence this civil action.[3]  Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the Complaint if it fails to state a claim.[4] Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6),[5] which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."[6]  "At this early stage of the litigation, [the Court will] accept the facts alleged in [the plaintiff's] *pro se* complaint as true, draw all reasonable inferences in [the plaintiff's] favor, and ask only whether that complaint, liberally construed, contains facts sufficient to state a plausible [] claim.'"[7]  Conclusory allegations do not suffice; they must be supported by at least some alleged facts.[8]  As Feldser is proceeding *pro se*, the Court construes his allegations liberally.[9]

---

[3] However, because he is a prisoner Feldser will be obligated to pay the filing fee in installments in accordance with the Prison Litigation Reform Act.  *See* 28 U.S.C. § 1915(b).

[4] 28 U.S.C. § 1915(e)(2)(B)(ii) ("the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim on which relief may be granted.")

[5] *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999).

[6] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted).

[7] *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (quotations omitted)

[8] *Iqbal*, 556 U.S. at 678.

[9] *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244–45 (3d Cir. 2013)).

## III.    DISCUSSION

The Court understands Feldser to be asserting a constitutional claim based on a lack of

medical care when he contracted Covid-19.  42 U.S.C. § 1983 allows state actors and officials to

be sued in federal court for violations of federal rights.  "To state a claim under § 1983, a

plaintiff must allege the violation of a right secured by the Constitution and laws of the United

States, and must show that the alleged deprivation was committed by a person acting under color

of state law."[10]

Feldser's Complaint must be dismissed because the only party he has named, CFCF, is

not a "person" as that term is used in § 1983, and so cannot be sued under that statute.[11]  "A

defendant in a civil rights action must have personal involvement in the alleged wrongs."[12]

However, because Feldser may be able to assert a plausible claim against a person under § 1983

based on a lack of medical treatment,[13] the dismissal of the Complaint will be without prejudice.

Feldser will be granted an opportunity to file an amended complaint to cure this defect..

---

[10] *West v. Atkins*, 487 U.S. 42, 48 (1988).

[11] *See Cephas v. George W. Hill Corr. Facility*, No. 09-6014, 2010 WL 2854149, at *1 (E.D. Pa. July 20, 2010) (holding that a prison in Delaware County, Pennsylvania was not a legal entity that could be sued under 42 U.S.C. § 1983); *Miller v. Curran-Fromhold Corr. Facility*, No. 13-7680, 2014 WL 4055846, at *2 (E.D. Pa. Aug. 13, 2014) (citing *Mitchell v. Chester Cty. Farms Prison*, 426 F. Supp. 271 (E.D. Pa. 1976) (holding that CFCF is not a "person" that can be sued under 42 U.S.C. § 1983).

[12] *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988); *see also Dooley v. Wetzel*, 957 F.3d 366, 374 (3d Cir. 2020) (quoting *Rode*, 845 F.2d at 1207) ("Personal involvement requires particular 'allegations of personal direction or of actual knowledge and acquiescence.'").

[13] To state a constitutional claim based on the failure to provide medical treatment, a prisoner must allege facts indicating that one or more prison officials were deliberately indifferent to his serious medical needs.  *See Farmer v. Brennan*, 511 U.S. 825, 835 (1994) (describing the "deliberate indifference" standard).  A prison official is not deliberately indifferent "unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference."  *Id.* at 837.  "A medical need is serious . . . if

## IV.    CONCLUSION

For the foregoing reasons, the Court will dismiss Feldser's Complaint without prejudice.

An appropriate Order follows with additional instruction on amendment.

---

it is one that has been diagnosed by a physician as requiring treatment or one that is so obvious that a lay person would easily recognize the necessity for a doctor's attention." *Monmouth Cnty. Corr. Institutional Inmates v. Lanzaro*, 834 F.2d 326, 347 (3d Cir. 1987) (quotations omitted). Deliberate indifference is properly alleged "where the prison official (1) knows of a prisoner's need for medical treatment but intentionally refuses to provide it; (2) delays necessary medical treatment based on a non-medical reason; or (3) prevents a prisoner from receiving needed or recommended medical treatment." *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999).  A serious medical need exists where "failure to treat can be expected to lead to substantial and unnecessary suffering." *Colburn v. Upper Darby Twp.*, 946 F.2d 1017, 1023 (3d Cir. 1991). Allegations of medical malpractice and mere disagreement regarding proper medical treatment are insufficient to establish a constitutional violation.  *See Spruill v. Gillis*, 372 F.3d 218, 235 (3d Cir. 2004).