IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| THOMAS FELDSER, | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 22-CV-0211 |
| | : | |
| CURRAN FROMHOLD | : | |
| CORRECTIONAL FACILITY, | : | |
|     Defendant. | : | |

## MEMORANDUM

**RUFE, J.**                                                                                                                                                    **MARCH 15, 2022**

In a prior Memorandum and Order, the Court dismissed the Complaint filed by Thomas Feldser, a pretrial detainee currently housed at the Philadelphia Industrial Correctional Facility, and granted him leave to file an amended complaint. *Feldser v. Curran Fromhold Corr. Facility*, No. 22-211, 2022 WL 377399, at *1 (E.D. Pa. Feb. 8, 2022). The Complaint was dismissed because the only named Defendant was Curran-Fromhold Correctional Facility ("CFCF"), a prison facility that is not a "person" under 42 U.S.C. § 1983. *Id*. at *2. Feldser has now returned with an Amended Complaint ("AC") in which he names as Defendants Commissioner of Philadelphia Prisons Blanche Carney, Warden John Delaney, the City of Philadelphia, and "Medical-Corizon Health." Am. Compl. [Doc. No. 8] at 2–3. Each are named in their official capacities only. *Id*. For the following reasons, the Court will dismiss the AC pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

## I.     FACTUAL ALLEGATIONS

Like those contained in his original Complaint, Feldser's allegations in the AC are extremely brief. He alleges "I got COVID-19. The Warden sent me to [the Detention Center] Jail with 20 other inmates. I was transported to a unsafe and unclean Jail that was closed down

with no medical treatment." Am. Compl. [Doc. No. 8] at 5.[1] He also asserts "I didn't receive any treatment." *Id*. He seeks $2 million in money damages due to post-traumatic stress disorder and nightmares. *Id.*

## II. STANDARD OF REVIEW

As the Court previously granted Feldser leave to proceed *in forma pauperis*, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the Amended Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). "At this early stage of the litigation,' '[the Court will] accept the facts alleged in [the *pro se*] complaint as true,' 'draw[] all reasonable inferences in [the plaintiff's] favor,' and 'ask only whether [that] complaint, liberally construed, . . . contains facts sufficient to state a plausible [] claim.'" *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (quoting *Perez v. Fenoglio*, 792 F.3d 768, 774, 782 (7th Cir. 2015)). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678. As Feldser is proceeding *pro se*, the Court construes his allegations liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244–45 (3d Cir. 2013)).

---

[1] The Court adopts the pagination supplied by the CM/ECF docketing system.

### III.   DISCUSSION

The Court understands Feldser to be asserting a constitutional claim based on the fact that he contracted Covid-19 and the lack of medical care when he contracted Covid-19.  Federal constitutional claims may be brought in federal court under 42 U.S.C. § 1983.  "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."  *West v. Atkins*, 487 U.S. 42, 48 (1988).  In addition, "[a] defendant in a civil rights action must have personal involvement in the alleged wrongs" to be liable.  *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988); *Dooley v. Wetzel*, 957 F.3d 366, 374 (3d Cir. 2020) (quoting *Rode*, 845 F.2d at 1207) ("Personal involvement requires particular 'allegations of personal direction or of actual knowledge and acquiescence.'").  *See also Iqbal*, 556 U.S. at 676 (explaining that "[b]ecause vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution").

#### A.   Claims against Philadelphia, Commissioner Carney, and Warden Delaney

Feldser's AC names the City of Philadelphia as well as Defendants Carney and Delaney in their official capacities.  Claims against City officials named in their official capacity are indistinguishable from claims against the City.  *See Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985) ("Official-capacity suits . . . 'generally represent only another way of pleading an action against an entity of which an officer is an agent.'") (quoting *Monell v. N.Y.C. Dept. of Soc. Servs.*, 436 U.S. 658, 690, n. 55 (1978)).  "[A]n official-capacity suit is, in all respects other than name, to be treated as a suit against the entity."  *Id.*  Thus, the official capacity claims against Carney and Delaney are dismissed as duplicative of the claims against the City of Philadelphia.

3

*See Stanek v. St. Charles Cmty. Unit Sch. Dist. No. 303*, 783 F.3d 634, 644 (7th Cir. 2015) ("The district court correctly dismissed these defendants in their official capacity because the Staneks also sued the District."); *Love-Lane v. Martin*, 355 F.3d 766, 783 (4th Cir. 2004) ("The district court correctly held that the § 1983 claim against Martin in his official capacity as Superintendent is essentially a claim against the Board and thus should be dismissed as duplicative."); *see also Graham*, 473 U.S. at 166 ("As long as the government entity receives notice and an opportunity to respond, an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity.").

The claim against the City is controlled by the United States Supreme Court's decision in *Monell*. Under *Monell*, to assert a § 1983 claim against a municipality a plaintiff must allege that the municipality's policy or custom caused the violation of his constitutional rights. 436 U.S. at 694. "To satisfy the pleading standard, [the plaintiff] must . . . specify what exactly that custom or policy was." *McTernan v. City of York, PA*, 564 F.3d 636, 658 (3d Cir. 2009). "'Policy is made when a decisionmaker possess[ing] final authority to establish municipal policy with respect to the action issues an official proclamation, policy, or edict.'" *Estate of Roman v. City of Newark*, 914 F.3d 789, 798 (3d Cir. 2019) (quoting *Andrews v. City of Phila.*, 895 F.2d 1469, 1480 (3d Cir. 1990)). "'Custom, on the other hand, can be proven by showing that a given course of conduct, although not specifically endorsed or authorized by law, is so well-settled and permanent as virtually to constitute law.'" *Id.* (quoting *Bielevicz v. Dubinon*, 915 F.2d 845, 850 (3d Cir. 1990)). For a custom to be the proximate cause of an injury, a plaintiff must establish that the defendant "had knowledge of similar unlawful conduct in the past, failed to take precautions against future violations, and that its failure, at least in part, led to [plaintiff's] injury." *Id.* (internal quotations and alterations omitted). Allegations that simply paraphrase the

standard for municipal liability, are too vague and generalized to support a plausible claim. *See, e.g.*, *Szerensci v. Shimshock*, No. 20-1296, 2021 WL 4480172, at *7 (W.D. Pa. Sept. 30, 2021) ("Plaintiffs' conclusory allegation, which generally paraphrases the relevant standard, is insufficient to state a claim for § 1983 liability under *Monell*.") (citing cases).

A plaintiff may also state a basis for municipal liability by "alleging failure-to-supervise, train, or discipline . . . [and alleging facts showing] that said failure amounts to deliberate indifference to the constitutional rights of those affected." *Forrest v. Parry*, 930 F.3d 93, 106 (3d Cir. 2019). "This consists of a showing as to whether (1) municipal policymakers know that employees will confront a particular situation, (2) the situation involves a difficult choice or a history of employees mishandling, and (3) the wrong choice by an employee will frequently cause deprivation of constitutional rights." *Id.* As the United States Court of Appeals has stated,

> "Ordinarily," this requires a plaintiff to identify a "'pattern of similar constitutional violations by untrained employees'" that "puts municipal decisionmakers on notice that a new program is necessary." *Id.* at 223 (quoting *Connick v. Thompson*, 563 U.S. 51, 62 (2011)). Otherwise, the plaintiff needs to show that failure to [train] would "likely . . . result in the violation of constitutional rights" — i.e., to show that "the need for more or different training [was] so obvious." *City of Canton v. Harris*, 489 U.S. 378, 390 (1989).

*Johnson v. City of Phila.*, 975 F.3d 394, 403 (3d Cir. 2020). Feldser fails to allege that he suffered a constitutional injury due to a policy or custom of the City of Philadelphia. For this reason, his claim against the City and the duplicative official capacity claims against Carney and Delaney are not plausible and will be dismissed.

Construing Feldser's claims against Carney and Delaney liberally to assume he also intended to bring his claims against them in their individual capacities because they are supervisors in the Philadelphia prison system, his claims would still be implausible. A

"supervisor-defendant may be liable for unconstitutional acts undertaken by subordinates" if he or she (1) "'with deliberate indifference … established and maintained a policy, practice or custom which directly caused [the] constitutional harm" or (2) "participated in violating the plaintiff's rights, directed others to violate them, or, as the person in charge, had knowledge of and acquiesced in the subordinate's unconstitutional conduct." *Barkes v. First Corr. Med., Inc.*, 766 F.3d 307, 316 (3d Cir. 2014), *reversed on other grounds by Taylor v. Barkes*, 575 U.S. 822 (2015). Moreover, generalized allegations that a supervisory defendant is "in charge of" or "responsible for" a facility are insufficient to allege personal involvement in an underlying constitutional violation. *See Saisi v. Murray*, 822 F. App'x 47, 48 (3d Cir. 2020) (*per curiam*) ("Saisi asserted that some defendants were 'in charge of agencies that allowed this to happen,' and that liability stemmed merely from defendants' 'belief' that their conduct would be 'tolerated.' However, a director cannot be held liable 'simply because of his position as the head of the [agency].'" (quoting *Evancho v. Fisher*, 423 F.3d 347, 354 (3d Cir. 2005)). Feldser fails to allege that Carney and Delaney with deliberate indifference created a policy that caused him constitutional harm or that they directly participated in a violation of his rights.

The only specific allegation made by Feldser is that Warden Delaney transferred him to a different prison. It is well-settled that prisoners have no inherent constitutional right to placement in any particular prison, to any particular security classification, or to any particular housing assignment. *See Wilkinson v. Austin*, 545 U.S. 209, 221–22 (2005) (holding that the Constitution does not give rise to liberty interest in avoiding transfers to more adverse conditions of confinement); *Lane v. Tavares*, No. 14-991, 2016 WL 7165750, at *16 (M.D. Pa. July 12, 2016) (same). Accordingly, this allegation is insufficient to assert a plausible claim.

6

Finally, to the extent that Feldser raises a claim based upon having contracted Covid-19 while incarcerated, that claim too is implausible.  In its decision in *Hope v. Warden York County Prison*, the United States Court of Appeals for the Third Circuit affirmed that "[t]o establish deliberate indifference [in the COVID-19 context, the prisoner plaintiffs] must show the Government knew of *and disregarded* an excessive risk to their health and safety."  972 F.3d 310, 329 (3d Cir. 2020) (citing *Nicini v. Morra*, 212 F.3d 798, 811 (3d Cir. 2000)) (emphasis added).  The Court of Appeals further held that "[t]he context of the Government's conduct is essential to determine whether it shows the requisite deliberate indifference."  *Id.* at 329–30.  In evaluating this context, a reviewing court must defer to the expertise of both medical officials and jail administrators. *Id.* The court must not assume a constitutional defect where concrete action has been taken in response to the Covid-19 pandemic as constitutional rules "are not . . . subject to mechanical application *in unfamiliar territory*."  *Id.* (quoting *County of Sacramento v. Lewis*, 523 U.S. 833, 850 (1998)).  The facility need not "eliminate all risk" of Covid-19, and where the facility has taken concrete steps towards mitigating the risk of Covid-19, a prisoner will fall "well short" of establishing that the facility and its staff were deliberately indifferent toward his medical needs.  *Id.* at 330–31.  Accordingly, any claim based on Feldser's contracting Covid-19 is not plausible.

      B.      **Claims against Corizon Health**

Feldser has also named Corizon Health as a Defendant, presumably because it is a private contractor that provides medical services in the Philadelphia prison system.  The United States Court of Appeals for the Third Circuit has held that "a private health company providing services to inmates 'cannot be held responsible for the acts of its employees under a theory of respondeat superior or vicarious liability.'"  *Sims v. Wexford Health Sources*, 635 F. App'x 16, 20 (3d Cir.

7

2015) (*per curiam*) (quoting *Natale v. Camden Cnty. Corr. Facility*, 318 F.3d 575, 583 (3d Cir. 2003)).  Rather, in order to hold Corizon Health liable under § 1983, Feldser must allege Corizon Health had "a relevant [] policy or custom, and that the policy caused the constitutional violation [he] allege[s]."  *Natale*, 318 F.3d at 583–84 (citing *Bd. of Cty. Comm'rs of Bryan Cnty., Okla. v. Brown*, 520 U.S. 397, 404 (1997)); *see also Lomax v. City of Phila.*, No. 13-1078, 2017 WL 1177095, at *3 (E.D. Pa. Mar. 29, 2017) (citations and quotations omitted) ("Because [defendant] is [a] private company contracted by a prison to provide health care for inmates, . . . it can only be held liable for constitutional violations if it has a custom or policy exhibiting deliberate indifference to a prisoner's serious medical needs.").  Because Feldser has failed to allege that Corizon Health had a policy or custom that caused him a constitutional injury, this claim is also not plausible.

**IV.  CONCLUSION**

For the foregoing reasons, the Court will dismiss Feldser's Amended Complaint.  Dismissal of the official capacity claims against Carney and Delaney will be with prejudice since they are duplicative of the claims against the City of Philadelphia.  Because he may yet be able to allege plausible claims based on having contracted Covid-19 and the medical treatment he received, all other claims will be dismissed without prejudice and the Court will grant Feldser one final opportunity to cure the defects in his claims.  An appropriate Order follows with additional instruction on amendment.