IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| THOMAS FELDSER, | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 22-CV-0211 |
| | : | |
| CURRAN FROMHOLD | : | |
| CORRECTIONAL FACILITY, | : | |
|     Defendant. | : | |

## ORDER

AND NOW, this 15th day of March, 2022, upon consideration of Plaintiff Thomas Feldser's *pro se* Amended Complaint [Doc. No. 8], it is **ORDERED** that:

1. The Clerk of Court is **DIRECTED** to add as Defendants Commissioner of Philadelphia Prisons Blanche Carney, Warden John Delaney, the City of Philadelphia, and "Medical-Corizon Health."

2. For the reasons stated in the accompanying Memorandum Opinion, the Amended Complaint is **DISMISSED IN PART WITH PREJUDICE AND IN PART WITHOUT PREJUDICE** for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) as follows:

   a. The official capacity claims against Defendants Commissioner of Philadelphia Prisons Blanche Carney and Warden John Delaney are **DISMISSED WITH PREJUDICE**.

   b. The remaining claims in the Amended Complaint are **DISMISSED WITHOUT PREJUDICE**.

3. Feldser may file a second amended complaint within thirty (30) days of the date of this Order. Any second amended complaint must identify all defendants in the caption of the second amended complaint in addition to identifying them in the body of the second amended

complaint and shall state the basis for Feldser's claims against each defendant.  The second amended complaint shall be a complete document that does not rely on the initial Complaint, the Amended Complaint, or other papers filed in this case to state a claim.  When drafting his second amended complaint, Feldser should be mindful of the Court's reasons for dismissing the claims in his Amended Complaint as explained in the Court's Memorandum.  Upon the filing of a second amended complaint, the Clerk shall not make service until so **ORDERED** by the Court.

    4.     The Clerk of Court is **DIRECTED** to send Feldser a blank copy of the Court's form complaint for a prisoner filing a civil rights action bearing the above civil action number.  Feldser may use this form to file his second amended complaint if he chooses to do so.[1]

    5.     If Feldser does not wish to file a second amended complaint and instead intends to stand on his Amended Complaint as originally pled, he may file a notice with the Court within thirty (30) days of the date of this Order stating that intent, at which time the Court will issue a final order dismissing the case.  Any such notice should be titled "Notice to Stand on Amended Complaint," and shall include the civil action number for this case.  *See Weber v. McGrogan*, 939 F.3d 232 (3d Cir. 2019) (quotations omitted) ("If the plaintiff does not desire to amend, he may file an appropriate notice with the district court asserting his intent to stand on the complaint, at which time an order to dismiss the action would be appropriate."); *In re Westinghouse Sec. Litig.*, 90 F.3d 696, 703–04 (3d Cir. 1996) (holding "that the district court did not abuse its discretion when it dismissed with prejudice the otherwise viable claims . . . following plaintiffs' decision not to replead those claims" when the district court "expressly

---

[1] This form is available on the Court's website at http://www.paed.uscourts.gov/documents/forms/frmc1983f.pdf.

warned plaintiffs that failure to replead the remaining claims . . . would result in the dismissal of those claims").

6. If Feldser fails to file any response to this Order, the Court will conclude that Feldser intends to stand on his Amended Complaint and will issue a final order dismissing this case.[2] *See Weber*, 939 F.3d at 239–40 (explaining that a plaintiff's intent to stand on his complaint may be inferred from inaction after issuance of an order directing him to take action to cure a defective complaint).

            **BY THE COURT:**

            /s/ Cynthia M. Rufe

            **CYNTHIA M. RUFE, J.**

---

[2] The six-factor test announced in *Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863 (3d Cir. 1984), is inapplicable to dismissal orders based on a plaintiff's intention to stand on his complaint. *See Weber*, 939 F.3d at 241 & n.11 (treating the "stand on the complaint" doctrine as distinct from dismissals under Federal Rule of Civil Procedure 41(b) for failure to comply with a court order, which require assessment of the *Poulis* factors); *see also Elansari v. Altria*, 799 F. App'x 107, 108 n.1 (3d Cir. 2020) (*per curiam*). Indeed, an analysis under *Poulis* is not required when a plaintiff willfully abandons the case or makes adjudication impossible, as would be the case when a plaintiff opts not to amend his complaint, leaving the case without an operative pleading. *See Dickens v. Danberg*, 700 F. App'x 116, 118 n.2 (3d Cir. 2017) (*per curiam*) ("Where a plaintiff's conduct clearly indicates that he willfully intends to abandon the case, or where the plaintiff's behavior is so contumacious as to make adjudication of the case impossible, a balancing of the *Poulis* factors is not necessary."); *Baker v. Accts. Receivables Mgmt., Inc.*, 292 F.R.D. 171, 175 (D.N.J. 2013) ("[T]he Court need not engage in an analysis of the six *Poulis* factors in cases where a party willfully abandons her case or otherwise makes adjudication of the matter impossible." (citing cases)).